Filed 5/21/15  P. v. Cabrera CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID CABRERA,<br><br>    Defendant and Appellant. | 2d Crim. No. B255549<br>(Super. Ct. No. F408680)<br>(San Luis Obispo County) |

David Cabrera appeals an April 3, 2014 order extending his commitment pursuant to Penal Code section 1026.5 subdivision (b)(1).[1]  In 2009, appellant was committed to Atascadero State Hospital after pleading not guilty by reason of insanity to theft of an ambulance and felony evading an officer.  (§ 1026.)  Appellant contends that the evidence does not support the finding that he is currently dangerous by reason of his mental disorder (schizophrenia) or that he has serious difficulty controlling his dangerous behavior.  (§ 1026.5, subd. (b)(1); *People v. Galindo* (2006) 142 Cal.App.4th 531, 539.)  We affirm.

### *Facts and Procedural History*

In 2007 appellant stole a Los Angeles Fire Department ambulance and led the California Highway Patrol on a high speed chase.  Appellant was delusional and

---

[1] All statutory references are to the Penal Code unless otherwise stated.

said he was in route to Louisiana to help the Hurricane Katrina victims.  Appellant was also under the influence of drugs.

After criminal charges were filed, the trial court found appellant mentally incompetent to stand trial, suspended criminal proceedings, and ordered appellant committed to Atascadero State Hospital until his mental competence was restored.  (§ 1368.)  On September 9, 2009, the trial court determined that appellant's mental competency had been restored and reinstated criminal proceedings.

Appellant waived jury and entered a plea of not guilty by reason of insanity to theft of an ambulance (Veh. Code, § 10851, subd. (b)) and felony evading an officer (Veh. Code, § 2800.2, subd. (a)).  Based on the reports of two psychiatrists, the trial court found appellant not guilty by reason of insanity and committed appellant to Atascadero State Hospital on November 12, 2009 for a maximum term of four years eight months.  In 2012, the commitment was extended because appellant was a substantial danger to others.

On January 10, 2014, San Luis Obispo County District Attorney filed a petition to extend the commitment two more years.  Appellant waived jury.

Doctor Brandon Yakush, a forensic psychologist at Atascadero State Hospital, testified that appellant suffered from schizophrenia, disorganized type, manifested by paranoid delusions that hidden cameras were videotaping in his home, that people were out to get him, and that family members had been replaced by robots (Capgras Delusion).  Doctor Yakush stated that appellant exhibits other symptoms, "things like limited affect or lack of spontaneous speech or lack of motivation."

When Doctor Yakush interviewed appellant and asked about the commitment offense, appellant said he was high on methamphetamine and stole the ambulance because it had drugs in it.  Appellant also said that he stole the ambulance to help Katrina Hurricane victims.  Although appellant exhibited no overt psychiatric symptoms (paranoid delusions), appellant was not symptom free.  Doctor Yakush explained that "lack of motivation, is a negative symptom of his illness.  But it may

2

honestly be just part . . . of his personality and/or attitude, so that is a very hard thing to tease out, though I know clinicians in the hospital have attributed his lack of motivation to negative parts of his illness."

When asked whether appellant was a danger to others, Doctor Yakush said there are "mitigating factors . . . . [¶] . . . [¶] . . . On the mitigation side, is the psychiatric stability and the fact he's not been violent in over three years -- but I have to weigh against that that Mr. Cabrera has not consistently demonstrated the motivation to take care of his mental illness in the community."  When appellant tried to get into CONREP in 2013, his group treatment attendance was above 90 percent.  After CONREP rejected appellant, his attendance plummeted.  Appellant "pretty much just stopped going to groups.  [¶]  One treatment note said he was 90, 100 percent down to 19 percent.  And basically. . . took a 'You know what?  Forget it.  I'm not going to try' attitude.  And when I asked him in March [2014] about that, he said, yeah, he wasn't motivated to do anything." )~

Appellant denied that he had a mental illness and was ambivalent about what would happen if he went off his medication.  Doctor Yakush testified that appellant was "not showing the motivation to say, 'Okay. I have an illness.  I need to take care of my illness.' "  That is a concern because if appellant is "released to the community, especially in the absence [of] CONREP, it would be 100 percent his responsibility to take care of that illness.  And he's not been demonstrating that at the hospital."

Doctor Yakush opined that appellant was a danger to others, that it was the product of his mental illness, and that appellant would not be able to control his dangerous behavior if released.  Appellant's substance abuse (methamphetamine, cocaine, and marijuana) was a factor in the 2007 offense and an ongoing concern.  The hospital progress reports stated that appellant was not sure that he can abstain from drugs  and was not willing to participate in substance abuse treatment.  Doctor Yakush testified that appellant should not be released until he has "better insight, complet[ed]

3

the substance abuse treatment program, and demonstrat[ed] . . . dedication to his treatment for a sustained period of time. . . ."

Crediting Doctor Yakush's testimony, the trial court found that appellant posed a substantial danger to others by reason of his mental disorder. "Hopefully Mr. Cabrera will get into the substance abuse treatment programs and complete that . . . but that's going to be up to him."

*Substantial Danger to Others*

" ' "Whether a defendant 'by reason of a mental disease, defect, or disorder represents a substantial danger of physical harm to others' under section 1026.5 is a question of fact to be resolved with the assistance of expert testimony." [Citation.]' " (*People v. Bowers* (2006) 145 Cal.App.4th 870, 878.) As in any sufficiency-of-the-evidence appeal, we review the record in the light most favorable to the extension order to determine whether any rational trier of fact could have found the requirements of section 1026.5, subdivision (b)(1) beyond a reasonable doubt. (*Id.*, at pp. 878-879.) "A single psychiatric opinion that an individual is dangerous because of a mental disorder constitutes substantial evidence to support an extension of the defendant's commitment under section 1026.5. [Citation.]" (*Id.*, at p. 879.)

Section 1026.5, subdivision (b)(1) requires that the prosecution prove that appellant is a substantial danger to others by reason of his mental disorder or disease. (*People v. Bolden* (1990) 217 Cal.App.3d 1591, 1599.) "[S]ection 1026.5 defines dangerousness *without regard to the effect of medical treatment.*" (*Ibid.*) Here the evidence shows that appellant is a danger to others due to his mental disorder, his lack of insight, and his lack of motivation to take care of himself when he is released into the community.

Appellant argues that lack of motivation, standing alone, does not show that he has serious difficulty controlling his dangerous behavior. (*In re Howard N.* (2005) 35 Cal.4th 117, 128-129; *People v. Galindo, supra,* 142 Cal.App.4th at p. 536.) Doctor Yakush agreed that appellant has not exhibited overt psychiatric symptoms for

4

more than a year and has not engaged in violence or threatening behavior in three years. But that is not the whole psychiatric picture. Appellant's paranoia and impaired judgment is fueled by his drug use. Hospital psychiatrists rated the danger to others "Moderate/high" based on appellant's thought disturbance and refusal to address his alcohol/drug addiction problem. In a July 21, 2013 progress report, two psychiatrists reported that appellant is "a profoundly limited and impaired individual" and that his criminal behaviors are driven by his psychosis and craving for drugs. Even in a controlled hospital setting, appellant could not control his violent behavior and engaged in two acts of violence in 2008, was physically aggressive to staff in 2009 (death threats, kicking, biting, and spitting), and fought peers in 2010 and 2011 about which TV channel to watch.

When asked what "triggers" his violence, appellant said "I don't know. I have been here four years." When asked about the early warning signs of decompensation, appellant replied, "When I am too sleepy. Nothing else." Appellant's substance abuse is a concern because it fueled his psychotic behavior in 2007 when he stole the ambulance and led the police on a high speed (100 miles per hour) chase. Before he was committed, appellant consumed 1/2 ounce of methamphamine every other day, used cocaine weekly, smoked marijuana, and had a history of sniffing paint, using intravenous heroin, and abusing alcohol.

Doctor Yakush opined that appellant is a danger to others by reason of his mental illness and lack of motivation to care for himself and keep his mental illness in remission. Appellant lacks insight, is ambivalent about what would happen in he went off his medication, and still holds onto the paranoid delusion that triggered the 2007 offense. "[A] single psychiatric opinion that an individual is dangerous as a result of a mental disorder constitutes substantial evidence to support an extension. [Citation.]" (*People v. Superior Court* (*Williams* ) (1991) 233 Cal.App.3d 477, 490.) Viewed in the light most favorable to the extension order, the evidence supports the trial court's finding that appellant is a danger to others by reason of his mental disorder and has

5

serious difficulty controlling his dangerous behavior.  (*People v. Zapisek* (2007) 147 Cal.App.4th 1151, 1166-1168; *People v. Bowers*, *supra,* 145 Cal.App.4th at p. 879.)

The judgment (order recommitting appellant pursuant to section 1026.5, subdivision (b)(1)) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

Hugh F. Mullin, III, Judge

Superior Court County of San Luis Obispo

_____

Paul Bernstein, under appointment by the Court of Appeal, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, David C. Cook, Brendan Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.